IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Diana Jordan,<br><br>    Plaintiff,<br><br>v.<br><br>Leon Lott;<br>Howard Hughes; and<br>Audra Linfert,<br><br>    Defendants, | Case No.: 3:20-cv-3067-SAL<br><br><br>**OPINION AND ORDER** |

  This matter is before the Court for review of the August 31, 2020 Report and Recommendation of United States Magistrate Shiva V. Hodges (the "Report"), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.). In the Report, the Magistrate Judge recommends the district court deny Plaintiff's motion to proceed *in forma pauperis*. [ECF No. 6 p.5]. Plaintiff timely filed objections to the Report. [ECF No. 8]. For the following reasons, the Court adopts the Report, ECF No. 6.

## BACKGROUND

  Diana Jordan ("Plaintiff"), proceeding pro se, filed this action against Leon Lott, Howard Hughes, and Audra Linfert ("Defendants") for alleged civil rights violations. [ECF No. 1]. Plaintiff submitted a short form application to proceed in district court without prepaying fees or costs ("Form AO-240"). [ECF No. 3]. In the Form AO-240, Plaintiff states she is unemployed. *Id.* at 1. She states that she receives $355 monthly through a Supplemental Nutrition Program, $200 annually for utility assistance through We Care Chapin, and $200 bi-annually for utility assistance through St. Joseph's Catholic Church. *Id.* Plaintiff indicates that she has $10 in a

1

checking or savings account and a vehicle valued at $800. *Id.* She also states that she owns a home, the value of which is unknown because she has appealed the Richland County Assessor's valuation. *Id.* Plaintiff states that she owes $362.75 in past due utility bills, $156.14 for water, and $1,089 to her homeowners' association. *Id.* Plaintiff lists one dependent. *Id.*

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The Court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). A district court, however, is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See id.*; Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which the party has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than a reassertion of arguments from the pleading or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct

2

the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

## LEGAL STANDARD

In the Report, the magistrate judge fully and accurately articulates the legal standard for determining whether a person should proceed *in forma pauperis* under 28 U.S.C. § 1915. [ECF No. 6 p.3]. Plaintiff's objections are not directed towards the legal standard the magistrate judge applied. *See* [ECF No. 8]. Therefore, the Court adopts in full the legal standard set forth in the Report without restating.

## DISCUSSION

**I.     Plaintiff's Objection to the Magistrate Judge's Statement that Her Home is Valued at $120,000**

Plaintiff objects to the following statement in the Report: "[Plaintiff] states she owns a home valued at $120,000. . ." [ECF No. 6 p.2]. Plaintiff points out that she stated on her Form AO-240 that her legal residence at 104 Woodglen Lane, Chapin, SC 29036 is of unknown value. [ECF No. 3 p.2]. She claims that the home is of unknown value because she has appealed the Richland County Assessor's valuation. *Id.* Plaintiff states that "the fair market value of her home may be zero dollars and zero cents, qualifying Plaintiff to proceed in forma pauperis." [ECF No. 8 p.3].

3

Plaintiff's argument that her home is worthless is without merit. She claims to have proven that her home has a value of $0 by showing that another property, 124 Bakerland Road, Chapin, SC 29036, has a value of $0. According to Plaintiff, the 124 Bakerland Road property is a "comparable sized home, zoned for the same schools on a much larger lot." *Id.* at 3. First, Plaintiff's assertion that she can conclusively prove the fair market value of her home by way of comparison to another home has no merit. Second, Plaintiff's assertion that the 124 Bakerland Road property is worth $0 is without merit. Plaintiff arrives at this conclusion by asserting that, at one point, the 124 Bakerland Road property was subject to $4,365.60 in delinquent property taxes. *Id.* at 2. She claims this makes the fair market value of both her home and the 124 Bakerland Road home $4,365.60. *Id.* Then, Plaintiff claims, she wrote a check for $4,365.60 to JP Morgan Chase Bank. *Id.* This, Plaintiff concludes, reduces the fair market value of her home to $0. *Id.* at 3. The Court rejects this valuation method for Plaintiff's property. Instead, the Court agrees with the Magistrate Judge's conclusion that Plaintiff's unencumbered home is worth $120,000: the purchase price. Accordingly, the Court adopts the Magistrate Judge's finding that, based on Plaintiff owning a $120,000 unencumbered home, she will not have to choose between abandoning a potentially meritorious claim or foregoing the necessities of life to pay the $400 filing fee.

## II.     Plaintiff's Objection Stating that She has not been Allowed to Proceed *in forma pauperis* in 2020

Plaintiff asserts that "Plaintiff Diana Jordan has NOT had a single case accepted to proceed in forma pauperis in 2020." *Id.* at 1. To the extent this may be true, it is irrelevant. The Report does not state that Plaintiff has been allowed to proceed *in forma pauperis* in 2020. The Report states that "Plaintiff is a frequent filer of federal lawsuits and filed at least twenty-four lawsuits in 2018-19. In the 20 days preceding this order, Plaintiff has filed five lawsuits. The court granted Plaintiff in forma pauperis status in eight of her cases, and each case was summarily dismissed, or

recommended for summary dismissal, for failure to state a claim upon which relief may be granted." [ECF No. 6 p.4].  The Report does not state that Plaintiff has been allowed to proceed *in forma pauperis* in 2020, only that the court granted a motion to proceed *in forma pauperis* in eight of the at least twenty-four lawsuits Plaintiff filed in 2018-19.

The fact that Plaintiff has not proceeded *in forma pauperis* in 2020 does not change the fact that Plaintiff's continued filing of frivolous cases further supports the denial of her *in forma pauperis* application.  As the Report correctly points out, abusers of the judicial process are not entitled to sue without paying the normal filing fees.  *See Free v. United States*, 879 F.2d 1535 (7th Cir. 1989).  Accordingly, the Court adopts the Magistrate Judge's finding that Plaintiff's continued filing of frivolous cases supports the denial of her *in forma pauperis* application.

**III.    Remaining Objections**

Nothing else in the Plaintiff's objection to the Report can be considered a specific objection.  A specific objection to the Magistrate's Report requires more than a reassertion of arguments from the pleading or a mere citation to legal authorities.  *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017).  A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Plaintiff asserts that defendants are violating her civil rights and the rights of all homeowners via a failure to investigate.  This merely reasserts an argument from the pleading that the Magistrate Judge properly rejected.  [ECF No. 6 pp.4-5 n.2] ("Although Plaintiff generally claims Defendants have violated her civil rights, she alleges only that they have failed to investigate or prosecute others.  Plaintiff has no legal protected interest in the prosecution of others.  *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). . .").  Plaintiff also states that she "meets the three legal tests used

to determine whether a person should proceed in forma pauperis under 28 U.S.C. § 1915." This threadbare legal assertion is not sufficient to direct the court to a specific error in the magistrate's proposed findings and recommendations. At any rate, the Court agrees fully with the Magistrate Judge's conclusion that Plaintiff does not meet the legal standard to be allowed to proceed *in forma pauperis*.

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47). To the extent the Plaintiff makes nonspecific objections, the Court has thoroughly reviewed the Report, the applicable law, and the record of this case. The Court finds no clear error and adopts the Report.

## CONCLUSION

The Court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). A district court, however, is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See id.*; Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). After a thorough review of the Report, the applicable law, and the record of this case in accordance with the above standard, the Court adopts the Report, and incorporates the Report by reference herein. The Court hereby adopts the Report and Recommendation, ECF No.

6

6. Accordingly, Plaintiff's motion to proceed *in forma pauperis*, ECF No. 3, is DENIED. Further, Plaintiff is allowed fourteen (14) days from the date of this order to submit the required $402 filing fee. If the fee is not submitted within fourteen (14) days from the date of this order, the Clerk is directed to dismiss this action without prejudice.

    IT IS SO ORDERED.

February 12, 2021  
Florence, South Carolina

/s/Sherri A. Lydon  
Sherri A. Lydon  
United States District Judge